Birchard, Judge,
dissenting. The original bill was filed by Harris, in 1824, setting forth that he recovered a judgment, in the Supreme Court, against John Carlisle, for $1,584.92, and for penalty and costs, which was in force, and seeking to charge the assets of John, in the hands of Andrew Carlisle.
Pending this proceeding, the Carlisles produce evidence, under an amended answer, that they had purchased and own the judgment. William H. Douglas then files a petition, setting forth, that the original bill was filed at his instance ; that he was security on the appeal bond of Harris, for the appeal of the suit in which the judgment set forth in the bill was rendered. That there was an understanding with Harris’ attorney that he should pay the amount of the judgment against Carlisle, and this suit was then to be prosecuted for his benefit. That, pursuant to the agreement, he paid the judgment, and has become beneficially interested in it,-and has the right to prosecute this suit for the assertion of his interest in said judgment. Prayer to be admitted so to prosecute and to be made party thereto.
To this petition there is a demurrer.
It raises, first, the question, whether the petition is sufficient, admitting that there is a right in equity, secured by the original bill, to which the security is entitled,
The general doctrine is, that if a person becomes entitled to the in-189] terest of a party, pending a suit, and wishes to prosecute *it, he must bring forward his claim by an original bill, in the nature of a supplemental bill. Story Eq. Pl. 348, sec. 286. The same author, 288, sec. 353, states what the bill must contain. It must state the original bill; the proceedings upon it; the event which has determined the interest of the former plaintiff, and the manner in which the party has become entitled. It must show the ground upon which the court ought to grant to him the benefit of the former suit, and pray a decree adapted to the case of the plaintiff in the new bill. If this be law, and I do not know that it has ever been questioned, it seems to me that this petition is defective and bad, upon demurrer.
In the first place, it prays no new decree whatever. The decree *190 adapted to his case would seem to be a decree that the money to be-made should be applied in satisfaction of the payments made by him to Harris, on the judgment against Carlisle, as the security of Carlisle. The original decree prayed for the application of the money to the payment and satisfaction of the very judgment which the new petition shows to be already satisfied. The petition asks no new or different decree from the original bill. It merely prays leave to prosecute that suit to effect. It hardly lays the foundation for any decree whatever, while the facts set forth in it show that the general and particular relief prayed for by Harris should not be rendered.
In the second place, this petition does not state what was the original bill — what were the proceedings under it, and it may be doubted if it states a ground upon which the court ought to grant the relief which is now sought.
The equity which was attached in the hands of Andrew Carlisle, by the filing of the original bill, would not, in my opinion, survive the satisfaction of the judgment at law against John Carlisle, in aid of which that bill was filed; and. this petition shows that the judgment is satisfied.
Again : who are the parties to this petition ? What are the facts which they may take issue upon, were they to answer it ? How can Harris litigate and contest the claim set up by Douglas ? *He, [ISO or his assignee of the judgment, is not made defendant. The one is merely put aside — thrust out of the suit, on a motion entirely adverse to the claim, which, as appears from the papers, he had pertinaciously prosecuted near twenty years — and the other is not noticed. There are important facts to be determined before Douglas’ rights are established ; First : Was he a security on the appeal bond ? Second : Has he paid the money by reason of that liability ? Third : Had Harris received it before the transfer ? Fourth : Has it not been refunded,, in whole or part ? On these points Harris and Carlisle are entitled to be heard. If they see propfer to answer and deny these allegations, they have a right to require that their answers be disproved by more than one witness, before a decree be entered against them.
In expressing the opinion that the case made by the pleadings does not show ground for relief, I by no means wish to be understood that a case which would entitle Douglas to a decree against the Carlisles could not be made. It is unnecessary to go that far. The probabili-ties are, that a good ease could be made, and that the merits of it are met by the opinion of the majority of the court; my mind is brought *191 to this conclusion, however, by the proofs, not by the pleadings. The .anomalous mode which has been adopted must tend to produoo results not uncommon at the time pleadings in short, at law, were tolerated, when it occasionally happened that the allegata were one thing, the probata another, and the adjudieata perhaps something compound of both, and corresponding with neither.